THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE S. PEGG, | ) | CASE NO.:  4:12CV1935 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| OHIO PAROLE BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Maurice S. Pegg filed his complaint against Defendant Ohio Parole Board on July 26, 2012.  Pegg did not pay the filing fee for his complaint, nor did he seek to proceed *in forma pauperis*.  For the reasons that follow, the complaint is DISMISSED.

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding in forma pauperis.  The PLRA includes a three-strikes provision that states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings in forma pauperis ] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

> While the Sixth Circuit has not defined the term imminent danger for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed. Thus a prisoner's assertion that he or she faced danger in the past

> is insufficient to invoke the exception. Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible).

*Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citations and quotations omitted).

Within this district, Pegg has had at least three prior complaints dismissed under 28 U.S.C. § 1915. *Pegg v. Davis*, Case No. 4:09CV1606; *Pegg v. Collins*, Case No. 4:09CV1768, and *Pegg v. Ohio Parole Board*, Case No. 5:08CV359.[1] Accordingly, Pegg is barred from proceeding *in forma pauperis*.

The Court also finds Pegg's complaint insufficient to invoke the imminent danger exception above. Like many of Pegg's prior complaints, he alleges that the Ohio Parole Board is engaged in a conspiracy to unlawfully extend his prison sentence and/or murder him. These allegations of criminal conduct are unsupported by any underlying factual assertions and certainly do not support invoking the exception to the three-strikes rule.

To the extent that Pegg's complaint could be construed as a habeas petition under 28 U.S.C. §2254, it is likewise dismissed. As a colleague on this Court noted:

> Pegg has two types of claims in his petition. His first claim, that he is being held beyond the expiration of his 180 day sentence, challenges the duration of his confinement. It therefore is properly raised in a petition for a writ of habeas corpus. Simply choosing the correct type of federal action to file, however, does not guarantee success. In this case, Pegg has already presented this claim in numerous other petitions for a writ of habeas corpus. Notably, in one of those prior petitions, the United States District Court for the Southern District of Ohio considered this claim at length and determined that the claim was asserted beyond the one year statute of limitations period provided in the statute. *See Pegg v. Wilkinson*, Case No. 1:00-CV-702 (S.D. Ohio Nov. 5, 2001) (order dismissing petition with

---

[1] Pegg has also filed numerous cases in the Southern District of Ohio that were dismissed after the enactment of the PLRA. These include seven habeas petitions and at least 39 § 1983 actions. Nearly all of these matters have been dismissed in one manner or another prior to service.

> prejudice). Mr. Pegg did not appeal that decision. Pegg also filed an identical petition in Pegg v. Rusnak, Case No. 1:09-CV-2244, which was dismissed on its merits on December 21, 2009. Because this claim was presented in prior habeas actions and received decisions on its merits, Pegg cannot continue to assert it in successive petitions until he gets the result he desires. 28 U.S.C. § 2244(b)(1).

*Pegg v. Collins*, Case No. 4:09CV2181 (N.D.Ohio Dec. 31, 2009). Pegg's allegations remain unchanged in this complaint. Accordingly, dismissal still remains appropriate.

The § 1983 claims in this action are hereby dismissed pursuant to 28 U.S.C. §1915(g). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The § 2254 claims in this action are dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

July 31, 2012 */s/ Judge John R. Adams*
                                                          JUDGE JOHN R. ADAMS
                                                          UNITED STATES DISTRICT COURT